**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

April 29, 2024

Matthew Mazzola, Esq.
Eric Wohlforth, Jr., Esq.
Robinson & Cole LLP
666 Third Avenue
20th Floor
New York, NY 10017
*Counsel for Defendants Cigna Health and Life Insurance Company and L3Harris Technologies, LLC*.

Lori Shlionsky, Esq.
Callagy Law, PC
650 From Road
Suite 565
Paramus, NJ 07652
*Counsel for Plaintiff University Spine Center*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re:   *University Spine Center v. Cigna Health and Life Insurance Company, et al.*
      **Civil Action No. 23-02912 (SDW)(CLW)**

Counsel:

Before this Court is Defendants Cigna Health and Life Insurance Company ("Cigna") and L3Harris Technologies, LLC's ("L3Harris") (collectively "Defendants") Motion to Dismiss Plaintiff University Spine Center's ("Plaintiff") Amended Complaint, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Rule 78, for the reasons discussed below, **GRANTS** Defendants' Motion to Dismiss.

## BACKGROUND & PROCEDURAL HISTORY

Plaintiff University Spine Center, a healthcare provider in Passaic County, New Jersey, together with Drs. Michael J. Faloon and Kumar Sinha, performed a pre-planned spinal surgery on Steven B.[1] ("Patient") on March 2, 2022.  (D.E. 12 ¶¶ 3, 11–14.)  Patient was enrolled in a

---

[1] The patient's full name is omitted from the Amended Complaint to protect patient confidentiality.

health insurance plan called the Choice Fund OA Plus Plan ("the Plan") through his employer, L3Harris. (*Id.* ¶ 10.) The Plan was administered by Cigna and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). (*Id.* ¶¶ 1, 9–10.) At the time of Patient's surgery, Plaintiff was not an "in-network" healthcare provider, thereby making the surgery an out-of-network medical procedure pursuant to the terms of the Plan's Summary Plan Description ("SPD"). (*Id.* ¶¶ 15–16.)

After the surgery, Plaintiff obtained an assignment of benefits from Patient and billed Cigna in the amount of $400,212 for the cost of the surgery. (*Id.* ¶ 17.) Cigna thereafter issued payments to Plaintiff in the amount of $3,400 for Patient's treatment costs. (*Id.* ¶ 18.) Plaintiff disputes Cigna's calculation of the reimbursement for the surgery performed by Drs. Faloon and Sinha and seeks to recover $192,407.30 in additional reimbursement from Defendants. (*Id.* ¶¶ 19–23.)

Plaintiff alleges that Cigna's underpayment and denial of reimbursement for Plaintiff's out-of-network medical services on Patient was unjustified under the terms of the Plan's SPD. (*Id.*) The Plan's SPD reimburses out-of-network claims based on the "Maximum Reimbursable Charge" ("MRC"), which is defined as:

> This [MRC] is used as the basis for determining the plan's share for most out-of-network payments. The MRC will be the lowest of the following charges when you use an out-of-network provider: (1) the provider's normal charge for a similar service or supply, (2) the amount agreed to by the out-of-network provider and Cigna or (3) a charge representing a percentage of what is ordinarily paid for a service or supply in a geographic area where it is received as compiled in a database selected by Cigna.

(*Id.* ¶ 20.) According to Plaintiff, Cigna breached its obligations under the Plan when it underpaid and denied services billed by Drs. Faloon and Sinha. (*Id.* ¶¶ 25–27, 31.)

On or about April 24, 2023, Plaintiff filed a four-count Complaint in the Superior Court of New Jersey, Law Division, Passaic County. (D.E. 1-1 at 2–8.) On May 26, 2023, Defendants removed the suit to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (D.E. 1.) Plaintiff subsequently filed a one-count Amended Complaint on August 7, 2023, in which it seeks recovery of benefits under ERISA § 502(a)(1), codified at 29 U.S.C. § 1132(a)(1)(B). (*See* D.E. 12.) Defendants moved to dismiss the Amended Complaint on September 18, 2023, and the parties thereafter timely completed briefing. (*See* D.E. 17, 19, 24.)

**DISCUSSION**

A.

To survive a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Ctny. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

B.

Plaintiff's § 502(a)(1)(B) claim must be dismissed because it fails to meet the pleading standard set forth in *Twombly* and *Iqbal*. Even accepting as true the allegations in the Amended Complaint, Plaintiff fails to allege sufficient facts upon which to state a plausible claim for wrongful denial of benefits.

"Only the words of [a benefits plan] itself can create an entitlement to benefits." *Hein v. F.D.I.C.*, 88 F.3d 210, 215 (3d Cir. 1996). For this reason, § 502(a)(1)(B) requires a plaintiff to demonstrate his entitlement to "benefits due to him *under the terms* of his plan." 29 U.S.C. § 1132(a)(1)(B) (emphasis added). Therefore, to assert an action to recover benefits under ERISA, a plaintiff must demonstrate that he has "a right to benefits that is legally enforceable against the plan." S*altzman v. Indep. Blue Cross*, 384 F. App'x 107, 111 (3d Cir. 2010) (quoting *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006)). To sufficiently state a § 502(a)(1)(B) claim for relief, a plaintiff must identify a specific provision of the plan from which a court can infer this legally enforceable right. *See Atl. Plastic & Hand Surgery, Pa. v. Anthem Blue Cross Life & Health Ins. Co.*, No. 17-4600, 2018 WL 1420496, at *10 (D.N.J. Mar. 22, 2018).

Defendants contend that the Amended Complaint fails to identify a provision or term in the Plan that is breached by Defendants or requiring them to pay additional reimbursement for out-of-network services. The Amended Complaint alleges that "the Plan's SPD reimburses out-of-network claims pursuant to the 'Maximum Reimbursable Charge,'" and that the MRC is the lowest number of one of three calculation methods.[2] (D.E. 12 ¶ 20.) While the Amended Complaint cites to the definition of the MRC, it is not enough to satisfy the requirements of Rule 8. *See Gotham City Orthopedics, LLC v. Cigna Health & Life Ins. Co.*, No. 21-1703, 2022 WL 2116864, at *2 (D.N.J. June 13, 2022) (dismissing plaintiff's ERISA claim after concluding that plaintiff has not "plausibly alleged that [d]efendant failed to comply with any terms of any Plan or Plans").

The Amended Complaint does not show the relevance of the MRC to Plaintiff's claim of underpayment or say how Cigna underpaid Plaintiff for out-of-network services under the Plan.

---

[2] These three methods are: (1) Plaintiff's normal charge for a similar service; (2) an amount Plaintiff and Cigna agreed upon; or (3) a charge representing a percentage of what is ordinarily paid for a service in the area where it is received. (D.E. 12 ¶ 20.)

Beyond merely identifying the MRC as something that is used to determine "most out-of-network payments" under the Plan, (D.E. 12 ¶ 20), Plaintiff fails to allege or explain how Cigna incorrectly calculated the reimbursements, why its calculation was wrong, or whether the amount of additional reimbursement sought in the Amended Complaint is what's required to be paid pursuant to the Plan.

Without additional information, the Amended Complaint contains little more than an assertion that Plaintiff is owed more than it was paid for the services it provided and must be dismissed for failure to state a claim under Rule 8.  *See e.g.*, *Abramson v. Aetna Life Ins. Co.*, No. 22-5092, 2023 WL 3199198, at *11 (D.N.J. May 2, 2023) ("[T]he Complaint fails to identify any Plan provision that requires [defendant] to pay [plaintiff] at the amount claimed. Such an allegation is required for [plaintiff's] cause of action to be sustained."); *Atl. Plastic*, 2018 WL 1420496, at *10–11 (dismissing claim where plaintiff's "threadbare allegations" did not point "to any provision of a . . . benefit plan suggesting" an entitlement to payment).

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**.  Plaintiff shall have thirty (30) days to file a second amended Complaint.  An appropriate order follows.

                                                    /s/ Susan D. Wigenton
                                          **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Parties
          Cathy L. Waldor, U.S.M.J.